UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

DARYL JACKSON,                      :

          Petitioner,    :    07 Civ. 9390 (WHP) (AJP)

      -against-         :    ORDER

ACTING SUPT. MARK BRADT,            :

          Respondent.    :

------------------------------------x

**ANDREW J. PECK, United States Magistrate Judge:**

      Upon the Petition of Daryl Jackson (a/k/a Darryl Jackson), praying that a writ of habeas corpus be issued to respondent, requiring said respondent to appear and answer the allegations of the petitioner, and the Court in accordance with Rule 4 of the Rules Governing Sec. 2254 cases in the United States District Court, 28 U.S.C. foll. Sec. 2254, having reviewed the Petition and having determined that the Petition should not be summarily dismissed pursuant to Rule 4, it is hereby

      ORDERED, that the Clerk of the Court serve, by certified mail, a copy of this Order, and the underlying Petition,[1] on the Attorney General of the State of New York and on the District Attorney of New York County, and it is further

---

[1] The petition attached is <u>without</u> exhibits. Respondent should review the Court file for the attachments to the petition and for other Orders and submissions in this action.

C:\ORD\Habeas Rule 4

ORDERED, that respondent shall file a complete and entire answer to the Petition by February 19, 2008, and that any request for an extension should be made to the undersigned, and it is further

ORDERED, that respondent shall file with its answer(s) all relevant parts of the state court record including, but not limited to, the relevant parts of the trial transcript, sentencing minutes, trial court decision, appellate briefs, appellate decisions, and post-trial motions and decisions, and it is further

ORDERED that respondent shall deliver courtesy copies of all such papers to my chambers (500 Pearl Street, Room 1370), and it is further

ORDERED that the parties follow the "Individual Practices of Magistrate Judge Andrew J. Peck," a copy of which is enclosed.

\* \* \*

The parties shall advise the Court as to whether they jointly consent to decision on petitioner's habeas corpus petition by a United States Magistrate Judge (that is, the undersigned), pursuant to the enclosed forms and explanations.

Each party shall either: (1) sign the consent form to indicate consent and return it to the Court (with a copy to the other side) or (2) inform the Court by letter that the party does not consent.

This Order is not meant to in any way interfere with the parties' absolute right to decision by a United States District Judge, but is merely an attempt at preserving scarce judicial resources, particularly since the matter has been referred to me for a Report and

Recommendation on this habeas petition, and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

The parties are to notify the Court pursuant to the above procedures by no later than February 19, 2008.

\* \* \*

Petitioner, Daryl Jackson, appearing pro se and in forma pauperis, has applied for the appointment of counsel. (Dkt. No. 2.) In light of the decisions of the Second Circuit in Cooper v. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), the Court denies petitioner's application at this time.

The threshold question in determining whether or not to assign counsel to an indigent petitioner is whether his claim is "likely to be of substance." Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 61. Hodge articulates those factors to be considered with respect to whether or not counsel should be appointed once a claim is found likely to be of substance: "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61-62; accord, Cooper, 877 F.2d at 172. The "plaintiff's ability to obtain representation independently" is another factor to be considered. Cooper, 877 F.2d at 172. Jackson has not attempted to find counsel on his own.

As the Second Circuit has reminded the district courts, volunteer lawyer time is a scarcity that should be carefully meted out. In Cooper, the Second Circuit emphasized

C:\ORD\Habeas Rule 4

4

this scarcity, and admonished district courts to take seriously the threshold requirement that the claim be "likely to be of substance." Cooper, 877 F.2d at 172. The Second Circuit went on to instruct that district "courts should not grant such applications indiscriminately." Id.; see also Hodge, 802 F.2d at 60.

Appointment of counsel may not be warranted if the petitioner's chances of success with his petition are slight. Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 60. It is difficult to determine petitioner's chances of success at this time, before the State has responded to the petition.

A more fully developed record is necessary before the Court can determine if petitioner's chances of success warrant the appointment of counsel. Therefore, petitioner's application (Dkt. No. 2) is denied without prejudice to its renewal when the record is more fully developed.

SO ORDERED.

DATED:   New York, New York
         December 19, 2007

Andrew J. Peck
United States Magistrate Judge

Copies to:   Daryl Jackson
             Andrew Cuomo, Attorney General of
               the State of New York
             Robert Morgenthau, District Attorney
               of New York County
             Judge William H. Pauley III